[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant RD Aeronautical Engineering ("RD") has moved to dismiss for lack of in personam jurisdiction the claim of the plaintiff, James D. Signore, administrator of the estate of Austin J. Signore. The complaint alleges that Austin J. Signore died in the crash of an aircraft manufactured by defendant Air Command Manufacturing, Inc. The plaintiff claims that the movant, RD, is liable to the plaintiff because it is "the successor in interest to defendant Air Command Manufacturing, Inc. of Liberty, Missouri, Air Command Manufacturing, Inc. d/b/a Air Command International, and Pearson Aircraft Industries, Inc. because it continued to use defendant Air Command's name and good will and operates in substantially the same manner as a mere continuation of the enterprise and product lines of its predecessor."
On November 2, 1992, this court commenced an evidentiary hearing as to RD's claim of lack of minimum contacts with the State of Connecticut. After one witness testified, the heating was continued at the request of the parties and the parties did not seek its resumption until August 2, 1993, when the plaintiff offered into evidence the deposition of Harold Smith, the president of RD.
The plaintiff's claim that the motion to dismiss is untimely was rejected by the court, Hadden, J., in a ruling issued on October 26, 1992.
The defendant RD does not invoke the provisions of Connecticut's long arm statute, 33-411(c) C.G.S., but relies solely on the constitutional claim that exercise of personal jurisdiction would constitute a denial of due process of law because RD CT Page 8910 lacks the minimum contacts with Connecticut that would justify an exercise of jurisdiction over it in this forum.
The United States Supreme court has held that the due process clause of the Fourteenth Amendment to the Constitution of the United States limits the power of a state court to exert personal jurisdiction over nonresidents. Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 108 (1987). The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established `minimum contacts' in the forum state." Id.; Burger King Corp. v. Rudzewicz, 471 U.S. 462,474 1985), quoting International Shoe Co. v. Washington,326 U.S. 310 at 316 (1945). Minimum contacts must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. Asahi, supra, at 109, quoting Burger King, 471 U.S., at 475. An exercise of jurisdiction is proper "where the contacts proximately result from actions by the defendant himself that create a `substantial connection' with the forum State." Ibid., quoting McGee v. International Life Insurance Co., 355 U.S. 220, 223 (1957) (emphasis in original).
The Connecticut Supreme Court confirmed in Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 51 (1983), that all assertions of state court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny. That Court has ruled that the party seeking to establish personal jurisdiction has the burden to prove the facts establishing the requisite minimum contacts. Standard Tallow Corp. v. Jowdy, supra, at 53.
RD is a Delaware Corporation with its only place of business in Wylie, Texas. It has no employees in Connecticut and solicits no sales in Connecticut.
The plaintiff alleges that another corporation, Air Command Manufacturing, Inc., in May 1988 sold a 532 Commander aircraft to Austin Signore and shipped it to Mr. Signore in New Haven, Connecticut. The plaintiff claims that RD is a successor corporation to Air Command Manufacturing, Inc. on the basis of a statement made by an employee of RD on May 18, 1992, to an investigator from the law firm representing the plaintiff. The plaintiff identified the employee who made these statements as CT Page 8911 Daniel Smith. The plaintiff conducted a deposition of David Smith but has not offered that deposition into evidence in connection with the motion to dismiss. The court therefore draws the inference that David Smith's testimony would not be helpful to the plaintiff. The president of RD, Harold Smith, testified at a deposition that Daniel Smith, one of his sons was employed in 1992 to receive sales calls and to do shipping and receiving at RD. Daniel Smith, on whose statements the plaintiff relies, was not shown to be an officer of RD (Dep. of Harold Smith, Tr. 89) or a person with knowledge of any corporate connection between RD and Air Command Manufacturing Corp., the corporation that sold the aircraft to plaintiff's decedent. The information contained in the investigator's affidavit is therefore inadmissible hearsay and will be disregarded.
The unrebutted testimony of Harold Smith, President of RD, was that Air Command Manufacturing, Inc., the entity that had sold the aircraft to plaintiff's decedent, had its assets seized by the Internal Revenue Service, and that those assets were purchased on some date not of record by a Mark Pearson, who continued to sell the same products that were sold by Air Command with some modifications. North Texas Diversified Industries, a Texas corporation of which Harold Smith was president, purchased, among other things, the tooling, inventory, name, and other assets of Air Command, for $180,000.00 from Pearson's corporation, JM Aluminum Supplies, Inc. North Texas Diversified leased the Air Command tooling to a new corporation established by Mr. Smith, Air Command International, Inc., in May 1992. RD is a creditor of Air Command International, Inc.
The plaintiff relies on the theory that RD is a successor corporation to Air Control Manufacturing, Inc., the company that sold an aircraft to plaintiff, and that its acquisition of the assets and, he argues the liabilities of the seller, subject, it to the jurisdiction of Connecticut's courts.
Even a successor were to be held to succeed to the forum contact: of the corporation whose assets and business it chased, rather than simply to its liabilities, see Mozingo v. Correct Mfg. Corp., 752 F.2d 168 (1985), the plaintiff has not that RD was the successor corporation of Air Command Manufacturing Inc. Rather, the only evidence adduced, the testimony of Harold Smith, is to the effect that other corporations, specifically North Texas Diversified and Air Command International, Inc., carried on the business of Air Command Manufacturing, CT Page 8912 Inc. The advertisement on which the plaintiff relies was not shown to have been placed in the publication Kit Plans by RD.
The plaintiff did not establish that RD has sold or advertised any products in Connecticut. Mr. Smith's testimony that he could not recollect any such sale (Tr., 41-42) does not create an inference that any sales were made.
The plaintiff has failed to demonstrate that RD had the requisite minimum contacts with Connecticut to allow the assertion of jurisdiction by this court. The motion to dismiss the plaintiff's claim against RD Aeronautical Engineering Company, Inc. is therefore granted for lack of personal jurisdiction.
Hodgson, J.